Crisoforo Anselmo GARCIA–
FERIA, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–73412

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2016 *

August 4, 2016

Erin Trusler Hall, Global Justice Law Group, PLLC, Seattle, WA, for Petitioner.

Brendan Paul Hogan, Attorney, OIL, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel ICE, San Francisco, CA, for Respondent.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Crisoforo Anselmo Garcia-Feria, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Blandino–Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013), and we review de novo due process claims, *Sandoval–Luna v. Muka-*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*sey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's denial of Garcia–Feria's CAT claim because he failed to establish it is more likely than not he would be tortured if returned to Mexico. *See Blandino–Medina*, 712 F.3d at 1348 (affirming denial of CAT relief where the petitioner "merely presented a series of worst-case scenarios"); *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (despite troubling country report, record did not compel the conclusion that petitioner would more likely than not be tortured). We reject Garcia–Feria's contentions that the BIA mischaracterized or failed to consider relevant evidence, failed to provide a reasoned explanation for how it weighed the evidence, or applied an incorrect legal standard to his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must establish error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.